UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBEN HENRIQUEZ-HERNANDEZ,

     Petitioner,

v.                                Case No.  8:19-cv-2940-WFJ-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 11). Petitioner opposes the motion (Doc. 15). Upon consideration, the construed motion to dismiss will be granted.

## DISCUSSION

A. The petition is untimely

Respondent moves to dismiss the petition as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment

of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Because Petitioner's direct appeal concluded on March 19, 2014 (see Doc. 12-1, Ex. 6), his judgment of conviction became final ninety (90) days later, on June 17, 2014, when the time allowed for petitioning for the writ of certiorari expired. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002). The statute of limitations started to run on that day and was tolled 31 days later when Petitioner filed his motion to mitigate his sentence on July 18, 2014 (Doc. 12-1, Ex. 8). The motion was denied on July 31, 2014 (*id.*, Ex. 9), and the statute of limitations started again

because Petitioner did not have a right to appeal the denial. *See Tsikuris v. State*, 913 So. 2d 1200 (Fla. 2d DCA 2005) (order denying motion to correct, reduce, or modify sentence filed under Florida Rule of Criminal Procedure 3.800(c) "is not appealable"). The statute of limitations ran another 334 days until it expired on June 30, 2015.[1] Therefore, because Petitioner filed his federal habeas petition on November 25, 2019, it is untimely. Accordingly, absent a demonstration of sufficient equitable tolling, Petitioner's federal habeas petition is time-barred.

B. Petitioner fails to show he is entitled to equitable tolling of the statute of limitations

Petitioner claims he is entitled to equitable tolling of the statute of limitations. Specifically, he contends he could not file a timely federal habeas petition because: 1) a tornado struck the prison and destroyed the property room in which his legal materials were stored, and he had to call his family and write to the courts to replace the records from his criminal case; and 2) he did not receive an order entered on June 1, 2016, in his fifth state postconviction action, until June 8, 2017 (Doc. 1, docket pp. 29-30; Doc. 1-1; Doc. 15).

The one-year limitation designated in 28 U.S.C. § 2244(d) is not jurisdictional and "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S.

---

[1] Petitioner filed four more state postconviction motions or petitions beginning in September 2015 (See Doc. 12-1, Exs. 11, 13, 15, 17). Those filings, however, did not toll the statute of limitations because they were filed after the limitations period had expired on June 30, 2015. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 post-conviction motion outside limitations period).

631, 645 (2010). Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Fla.,* 539 F.3d 1334, 1338 (11th Cir. 2008), *rev'd on other grounds,* 560 U.S. 631 (2010). *See also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009))). Failing to establish either requirement precludes equitable tolling. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. Petitioner establishes neither an "extraordinary circumstance" beyond his control that caused the untimely filing of his federal petition nor sufficient diligence.

    1. Records destroyed by tornado

    Petitioner alleges the November 14, 2014 tornado[2] that struck Calhoun

---

[2] The Court takes judicial notice of records from the National Oceanic and Atmospheric Administration that show a tornado struck Calhoun Correctional Institution on November

Correctional Institution "demolished the property room building that stored all of his paperwork to his direct appeal, trial transcripts, and depositions. . . ." (Doc. 1, docket p. 29). He further alleges "all of his legal work [was] destroyed and lost" (Doc. 15, p. 1), and:

> he immediately started finding out how and where to obtain his lost legal work by calling his family, writing the courts and once he realized that he had to pay to receive them again, he again called his family so that they could purchase the lost transcripts which he got as fast as his family and the courts moved to get them.

(Id., p. 3). He contends "[t]he tornado. . .kept [him] from [timely] filing his habeas corpus petition" (id.), and implicitly argues he is entitled to equitable tolling from November 14, 2014, through the date on which he received the last of the new copies of his legal records.

Petitioner's allegations warrant no equitable tolling. First, Petitioner fails to allege with specificity the dates on which he requested the records from his family and the courts, and the dates on which he received those records. If he delayed in seeking to obtain new copies of the records, he failed to act with diligence. And if he diligently pursued the records, his failure to allege when he received them prevents the Court from determining when equitable tolling ended (the date on which he received the new copies of the records) and if he was reasonably diligent in filing his second postconviction motion (his September 21, 2015 state habeas petition alleging ineffective assistance of appellate counsel) and federal habeas petition. His vague

---

17, 2014 (Doc. 10). See Rule 201, Fed.R.Evid.

allegations regarding his efforts to obtain new copies of the records are insufficient to warrant either equitable tolling or an evidentiary hearing. *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances. Nor are they sufficient to warrant an evidentiary hearing.") (citation omitted).

Second, there is no substantiation in the record that Petitioner's state court records were destroyed, and he made diligent efforts to obtain new copies of the records. Petitioner supports his allegations with no evidence, such as copies of: 1) prison requests or grievances addressing his destroyed records; 2) correspondence with the courts from which he requested records; and 3) affidavits or statements from the family members who obtained or attempted to obtain the records on his behalf. Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his *pro se* petition to be of probative value. *See Lugo*, 750 F.3d at 1209; *Lopez v. United States*, 512 F. App'x 1001, 1004 (11th Cir. 2013) ("The district court did not clearly err in finding that Lopez was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal. . . .Lopez's alleged attempts to contact his attorney by phone and mail are largely unsupported by the record evidence."); *Drew*, 297 F.3d at 1293 n.7 (Petitioner's allegations he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual

proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim."); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)).

Third, even if Petitioner could show that his records were destroyed and he diligently attempted to obtain new copies of those records, he fails to explain why he could not prepare a state postconviction motion or timely federal habeas petition before the statute of limitations expired. In Florida, "[a]vailability of a transcript is. . .not necessary for the preparation of a legally sufficient motion for post-conviction relief." *Carr v. State*, 495 So. 2d 282, 282 (Fla. 2d DCA 1986). In preparing the post-conviction motion, the prisoner "must simply do the best he can from his recollection of the trial." *Dorch v. State*, 483 So.2d 851, 852 (Fla. 1st DCA 1986). *See also Neal v. McNeil*, 2010 WL 298294, at *7 (N.D.Fla. Jan.15 2010) (concluding that habeas petitioner failed to show that his appellate counsel's failure to provide a copy of his trial transcript prevented him from filing a Rule 3.850 motion; the Rule does not require the attachment of transcripts, and despite not having the transcript, the petitioner filed two Rule 3.850 motions). Therefore, his allegation that he was without his records for an unspecified period is insufficient to warrant equitable tolling. *See, e.g., Dodd v. United States,* 365 F.3d 1273, 1283 (11th Cir. 2004) (stating that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."

(citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000))); *Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir.2002) (Court denied petitioner equitable tolling based on the deprivation of legal materials because petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

    2. Untimely served order

Petitioner also contends he is entitled to equitable tolling because the June 1, 2016 order (see Doc. 12-1, Ex. 18) entered in his fifth postconviction action (the Rule 3.850 motion filed in April 2016) was lost in the mail and never received by him until June 2017. The statute of limitations, however, expired on June 30, 2015, well before the order was entered on June 1, 2016. Thus, even if the delay in receiving the order would be grounds for equitable tolling, it would not justify equitable tolling in this case because the alleged delay occurred after the statute of limitations had expired. *See, e.g., Holland*, 539 F.3d at 1340 (prison officials denying inmate access to "writs room" did not warrant equitable tolling of the AEDPA's one-year statute of limitations where the purported incident occurred after the limitations period had run).

In sum, Petitioner fails to satisfy his burden of showing entitlement to equitable tolling. Accordingly, Respondent's construed motion to dismiss (Doc. 11) is **GRANTED**. Petitioner's petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Petitioner and close this case.

**Certificate of Appealability (COA) and Leave to Proceed In Forma Pauperis on**

**Appeal Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner cannot make that showing. And since he is not entitled to a COA, he may not appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on July 29, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: *Pro se* Petitioner and Counsel of Record

9